KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
LAURA K. LIN (State Bar No. 281542)
laura.lin@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, California 90071-1560
Telephone:    (213) 683-9100
Facsimile:     (213) 687-3702

Attorneys for Plaintiffs Lucasfilm Ltd. LLC and
Lucasfilm Entertainment Company Ltd. LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| Lucasfilm Ltd. LLC and Lucasfilm Entertainment Company Ltd. LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>Michael Brown a/k/a Flynn Michael a/k/a Flynn, an individual and d/b/a New York Jedi, Lightsaber Academy and Thrills and Skills; Thrills and Skills, Inc.; Lightsaber Academy, Inc.; and Does 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT; UNFAIR COMPETITION; DILUTION; CYBERSQUATTING; STATE LAW UNFAIR COMPETITION; STATE LAW DILUTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Lucasfilm Ltd. LLC and Lucasfilm Entertainment Company Ltd. LLC (hereinafter collectively "Lucasfilm" or "Plaintiffs") by their undersigned attorney, allege on knowledge as to their own acts, and otherwise on information and belief as follows:

**A.     Introduction**

1.      Plaintiffs file this action to protect against infringement of their intellectual property rights, including but not limited to their ownership of the trademarks "JEDI" and "LIGHTSABER."

2.      Defendants own and operate businesses that advertise and sell "Lightsaber" classes and "Lightsaber" teaching certifications as well as patches, apparel and other products and

-1-

services that use Plaintiffs' distinctive elements and logos intentionally and without authorization ("Infringing Activities").

**B.     Jurisdiction and Venue**

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338, as Plaintiffs' claims arise under the Lanham Act, as amended, 15 U.S.C. § 1051, *et seq*. The remaining causes of action for unfair competition and trademark dilution arise under California state law. The Court has jurisdiction over these substantial and related claims pursuant to 28 U.S.C. § 1338(b) and § 1367.

4. Venue is proper within the Northern District of California pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

5. This case is an intellectual property action subject to a district-wide assignment pursuant to the Court's Assignment Plan.

**C.     Lucasfilm Plaintiffs**

6. Plaintiffs Lucasfilm Ltd. LLC and Lucasfilm Entertainment Company Ltd. LLC are limited liability companies, each duly organized and existing under the laws of the State of California, and each having its principal place of business in San Francisco, California. The location of Lucasfilm's principal place of business in this judicial district is well known by fans and other individuals worldwide, including Defendants.

7. Lucasfilm and certain of its affiliated entities are engaged in the business of merchandising and licensing of distinctive characters and elements associated with their motion pictures and television programs, including, without limitation, characters, elements and logos associated with its *Star Wars* franchise, across a wide variety of goods and services.

8. Lucasfilm owns trademarks including common law rights, trade names, registrations, and/or registration applications (collectively, the "Lucasfilm Trademarks") that incorporate and/or refer to the artwork, characters, and other distinctive elements associated with Lucasfilm's motion pictures and television programs.

9. The Lucasfilm Trademarks include, but are not limited to, "JEDI" "LIGHTSABER" and the distinctive logo of the Jedi Order, an organization featured in the *Star Wars* franchise.

10. Lucasfilm holds the rights to develop, manufacture, market, license and sell products and services featuring the Lucasfilm Trademarks. Lucasfilm possesses numerous federal registrations covering the Lucasfilm Trademarks. A representative collection of such trademark registrations is identified in Exhibit A.

11. As a result of widespread advertising and sales by Lucasfilm and their licensees, together with longstanding consumer recognition, the Lucasfilm Trademarks are widely recognized as source-identifiers of, and for, authorized Lucasfilm products and services. The Lucasfilm Trademarks are each either inherently distinctive and/or have acquired secondary meaning in the minds of consumers. All authorized merchandising and licensing of the Lucasfilm Trademarks is subject to Lucasfilm's control over the quality of the licensed goods and services.

**D.     Defendants**

12. Defendant Michael Brown a/k/a Flynn Michael a/k/a Flynn ("Brown") is an individual who resides in Oakland, California, and who does business in this judicial district under the names New York Jedi, Lightsaber Academy, and Thrills and Skills and under various websites including but not limited to www.NewYorkJedi.com, www.NYJedi.com, www.LightsaberAcademy.com, www.LightsaberGuild.club, and www.LightsaberGuild.com ("Defendants' Domains").

13. Brown supervises or controls the Infringing Activities alleged herein, has a direct financial interest in the Infringing Activities, and is the moving and conscious force behind the Infringing Activities. In addition or alternatively, Brown had knowledge or reason to know of the Infringing Activities and took actions that contributed to these activities.

14. Defendant Thrills and Skills, Inc. is a designation used by Brown, the legal status of which is not known. Thrills and Skills, Inc. is subject to the jurisdiction of this Court and is manufacturing, promoting, distributing, advertising and/or selling merchandise and/or services that infringe the Lucasfilm Trademarks within this judicial district.

15. Defendant Lightsaber Academy, Inc. is a designation used by Brown and is a Delaware corporation. Lightsaber Academy, Inc. is subject to the jurisdiction of this Court and is manufacturing, promoting, distributing, advertising and/or selling merchandise and/or services that infringe the Lucasfilm Trademarks within this judicial district.

16. On information and belief, Does 1 – 10 are either entities or individuals who are residents of or present in this judicial district, and are subject to the jurisdiction of this Court. The identities of the various Does are unknown to Plaintiffs at this time. The Complaint will be amended to include the names of such individuals when identified. The named defendants and Does 1 – 10 are hereinafter collectively referred to as "Defendants."

### E.     Defendants' Infringing Conduct

17. Defendants are in the business of promoting, producing, offering for sale and selling unauthorized "Lightsaber" classes, which purport to teach students how to use "Lightsabers" and/or perform as "Jedi."

18. Defendants are also in the business of promoting, producing, offering for sale and selling Instructor Certifications and Director Certifications that purport to license others to offer additional "Lightsaber" classes.

19. Defendants regularly use the Lucasfilm Trademarks without authorization in connection with their businesses. Among other infringing activities, Defendants use a logo ("Defendants' Infringing Logo") that is nearly identical, and confusingly similar, to Lucasfilm's trademark Jedi Order logo. As shown in the table below, Defendants' Infringing Logo, like Lucasfilm's trademark Jedi Order logo, is round in shape, with six wing-like shapes curving upward (three per side), and an eight-pointed star featuring elongated top and bottom points stretched into a vertical line.

| **DEFENDANTS' INFRINGING LOGO** | **LUCASFILM'S TRADEMARK JEDI ORDER LOGO** |
|---|---|
|  | |

20. Defendants promote, offer for sale, and/or sell merchandise including patches and apparel (collectively, "Defendants' Merchandise"). Defendants' Merchandise features the Lucasfilm Trademarks and Defendants' Infringing Logo, despite its confusing similarity to Lucasfilm's trademark Jedi Order logo.

21. Defendants engage in, promote, and offer the Infringing Activities for sale via websites including: www.LightsaberAcademy.com, www.NewYorkJedi.com, www.LightsaberAcademy.com, www.LightsaberGuild.club, and www.LightsaberGuild.com. These website domain names infringe the Lucasfilm Trademarks.

**F.  Defendants Have Willfully Continued Their Infringing Activities Despite Receiving Cease and Desist Letters From Lucasfilm**

22. Defendants have repeatedly sought license or authority from Lucasfilm to engage in the Infringing Activities.

23. Lucasfilm has consistently denied Defendants' requests. Lucasfilm has never licensed or authorized Defendants to make any commercial use of the Lucasfilm Trademarks or any other of Lucasfilm's intellectual properties.

24. Lucasfilm has served Defendants with multiple, written notices to cease their unauthorized activities. Lucasfilm served one such notice on March 1, 2016.

25. The next day, on March 2, 2016, Defendant Brown "DBA Lightsaber Academy, Inc." filed a trademark application with the United States Patent and Trademark Office for Defendants' Infringing Logo. Defendant Brown filed this application with full knowledge of the design's confusing similarity to Lucasfilm's trademark Jedi Order logo.

26. On April 4, 2016, Defendant Brown "AKA New York Jedi" filed another trademark application with the United States Patent and Trademark Office for a design and word mark featuring the name NEW YORK JEDI. Defendant Brown filed this application with full knowledge of Lucasfilm's "JEDI" trademarks. Defendant Brown listed an address for himself in Oakland, California on this trademark application.

27. Up to the filing of this lawsuit, and thereafter, Defendants have continued to use the Lucasfilm Trademarks and other intellectual property in connection with their businesses without authorization and without being subject to Plaintiffs' strict quality control standards.

28. Defendants are currently engaged in such unauthorized uses and, unless enjoined by this Court, will continue such unauthorized uses.

29. Defendants' infringing conduct was and continues to be intentional and willful within the meaning of applicable law.

**FIRST CLAIM FOR RELIEF**

**(For Trademark Infringement)**

30. Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 28 inclusive, as though set forth herein in full.

31. Plaintiffs are the owners of the exclusive rights to the Lucasfilm Trademarks, including the federal registrations identified in Exhibit A. Each of the trademark registrations relating to the Lucasfilm Trademarks is in full force and effect.

32. Defendants have used and continue to use in commerce unauthorized reproductions, copies, and/or colorable imitations of the Lucasfilm Trademarks in connection with the sale, offering for sale, distribution and/or advertising of their services and products. Defendants' uses are likely to cause confusion, mistake and/or deception among consumers. Defendants are therefore liable to Plaintiffs for infringement of the Lucasfilm Trademarks pursuant to 15 U.S.C. § 1114.

33. Defendants' use of reproductions, copies, and/or colorable imitations of the Lucasfilm Trademarks, without Plaintiffs' consent or authorization, was and continues to be intentional and willful within the meaning of 15 U.S.C. § 1114 and § 1117.

34. Defendants' conduct has injured Plaintiffs in an amount to be determined at trial, and has caused and will continue to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law. As such, Plaintiffs seek injunctive relief pursuant to 15 U.S.C. § 1116, as well as actual damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a), and their reasonable attorneys' fees in prosecuting this action pursuant to 15 U.S.C. § 1117(a). Further, because Defendants' infringing conduct has been and continues to be willful, Plaintiffs are entitled to an enhanced damages award pursuant to 15 U.S.C. § 1117(a). In the alternative, Plaintiffs may elect to recover the maximum allowable statutory damages pursuant to 15 U.S.C. § 1117(c).

## SECOND CLAIM FOR RELIEF

**(False Designation of Origin)**

35. Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 34, inclusive, as though set forth herein in full.

36. As a direct result of Plaintiffs' longstanding use, sales, advertising, and marketing, the Lucasfilm Trademarks have acquired a distinctive meaning among the consuming public, who have come to identify the Lucasfilm Trademarks with Plaintiffs and their affiliated companies, and with the goods and services offered by Plaintiffs.

37. Defendants' unauthorized use of the Lucasfilm Trademarks constitutes the use of false or misleading designations of origin, and/or the making of false or misleading

1  representations of fact, in violation of 15 U.S.C. § 1125(a), in that, among other things, such uses
2  are likely to cause confusion, deception and mistake among the consuming public and trade as to
3  the source, approval, connection, association, or sponsorship of the goods and services distributed,
4  sold and offered for sale by Defendants bearing infringements of the Lucasfilm Trademarks.

5        38.    Defendants' acts complained of herein are willful and intentional within the
6  meaning of 15 U.S.C. § 1114 and § 1117, and have been and continue to be engaged in with the
7  intention of trading upon the valuable goodwill associated with the Lucasfilm Trademarks, or
8  otherwise injuring Plaintiffs.

9        39.    Defendants' conduct has damaged Plaintiffs in an amount to be determined
10 at trial, and has caused and will continue to cause irreparable injury to Plaintiffs, for which
11 Plaintiffs have no adequate remedy at law.  As such, Plaintiffs seek injunctive relief pursuant to 15
12 U.S.C. § 1116, as well as actual damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a),
13 and their reasonable attorneys' fees in prosecuting this action pursuant to 15 U.S.C. § 1117(a).
14 Further, because Defendants' conduct has been and continues to be willful, Plaintiffs seek an
15 enhanced damages award pursuant to 15 U.S.C. § 1117(a).

16 **THIRD CLAIM FOR RELIEF**
17 **(For Federal Trademark Dilution)**

18       40.    Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1
19 through 39, inclusive, as though set forth herein in full.

20       41.    As a result of Plaintiffs' continuous promotion of its products and services
21 in connection with the Lucasfilm Trademarks, the Lucasfilm Trademarks have become recognized
22 as distinctive and famous.

23       42.    Defendants' use in commerce of the infringing marks began well after the
24 Lucasfilm Trademarks had become famous and has caused dilution of the distinctive quality of the
25 trademarks.  Such conduct has caused injury to Plaintiffs pursuant to 15 U.S.C. § 1125(c).

26       43.    Such dilution has occurred as a direct result of Defendants' advertising and
27 promotion, through various channels, including but not limited to Defendants' Domains and other
28 accounts, of the infringing marks on or in connection with unauthorized goods and services.

44. Defendants willfully intend to trade on Plaintiffs' reputation and/or to cause dilution of the famous Lucasfilm Trademarks. Accordingly, Plaintiffs are entitled to recover their damages, as well as Defendants' profits received as a result of the infringement, pursuant to 15 U.S.C. § 1117(a).

45. Unless Defendants' conduct is enjoined, Defendants will continue their acts of dilution and Plaintiffs and their goodwill and reputation will suffer irreparable injury. Accordingly, Plaintiffs seek permanent injunctive relief pursuant to 15 U.S.C. §§ 1116 and 1125(c)(1).

46. As a direct and proximate result of Defendants' unlawful infringement, Plaintiffs have suffered damages and will continue to suffer damages in an amount that is not presently ascertainable but will be proven at trial. Plaintiffs are entitled to all available relief provided for in 15 U.S.C. §§ 1117, 1118, and 1125 including preliminary and permanent injunctive relief, Defendants' profits, treble damages, costs, and attorneys' fees.

## FOURTH CLAIM FOR RELIEF

### (For Cybersquatting)

47. Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 46, inclusive, as though set forth herein in full.

48. Plaintiffs, at all relevant times, have been the owners of each of the Lucasfilm Trademarks.

49. Plaintiffs' "JEDI" and "LIGHTSABER" trademarks are famous marks pursuant to 15 U.S.C. § 1125 and were famous before and at the time of the registration of Defendants' Domains.

50. Defendants have acted with the bad faith intent to profit from the unauthorized use of the Lucasfilm Trademarks and the goodwill associated therewith by registering the Defendants' Domains which are identical to, confusingly similar to, or dilutive of the Lucasfilm Trademarks.

51. Defendants have established a pattern of infringement by registering numerous domains that infringe upon the Lucasfilm Trademarks. Defendants use the infringing domains to further their infringing activities alleged herein.

52. Defendants have no intellectual property rights in or to the Lucasfilm Trademarks. Defendants' actions constitute cybersquatting violation of § 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

53. Plaintiffs have no adequate remedy at law, and the registration and use of Defendants' Domains has caused, is causing, and is likely to continue to cause substantial and irreparable injury to the public and to Plaintiffs.

## FIFTH CLAIM FOR RELIEF

**(For Unfair Competition Under California Unfair Business Practices Act and Common Law)**

54. Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 53, inclusive, as though set forth herein in full.

55. As alleged above, each of the Lucasfilm Trademarks has acquired secondary meaning indicative of origin, relationship, sponsorship and/or association with Plaintiffs.

56. The purchasing public is likely to misattribute Defendants' use of the Lucasfilm Trademarks as a source of origin, authorization and/or sponsorship by Plaintiffs. The purchasing public is likely to purchase goods from Defendants based on the purchasing public's erroneous beliefs about the source of origin, authorization and/or sponsorship by Plaintiffs of these goods.

57. Defendants' actions constitute unlawful passing off under California's common law of unfair competition.

58. Defendants' appropriation, adoption and use of the Lucasfilm Trademarks in connection with the sale and offering for sale of unauthorized goods and services is deceptive, unfair, fraudulent, and likely to confuse or mislead consumers into believing that Defendants' goods are authorized, licensed, or approved by Plaintiffs. Defendants' acts constitute a violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, *et seq*.

1  59. The deceptive, unfair, and fraudulent practices set forth herein have been undertaken with knowledge by Defendants, willfully, and with the intention of causing harm to Plaintiffs' goodwill and business reputation.

60. Defendants' unauthorized uses have deprived Plaintiffs of the right to control the use of their trademarks.

61. As a direct and proximate result of Defendants' unlawful infringement, Plaintiffs have suffered damages and will continue to suffer damages in an amount that is not presently ascertainable but will be proven at trial.  Plaintiffs are entitled to all available relief provided for in California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, *et seq.*, including permanent injunctive relief.

## SIXTH CLAIM FOR RELIEF

### (For Dilution Under California Law)

62. Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 61, inclusive, as though set forth herein in full.

63. Plaintiffs are the owners of Plaintiffs' Trademarks throughout the United States, including the State of California.

64. Plaintiffs' Trademarks are inherently distinctive and/or have acquired distinctiveness in the marketplace.

65. By their acts complained herein, Defendants have diluted the distinctive qualities of Plaintiffs' Trademarks and have caused harm to Plaintiffs' business reputation, in violation of § 14245, *et seq*. of the California Business and Professions Code.

66. By their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

67. Defendants intend to continue their willfully infringing acts unless restrained by this Court.

68. Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

1  69. Plaintiffs therefore are entitled to a preliminary and permanent injunction enjoining Defendants' commercial use of Plaintiffs' Trademarks.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand entry of a judgment against Defendants as follows:

A. Permanently enjoining and restraining Defendants, their agents, servants, employees, attorneys, and all those in active concert or participation with them from:

1. Using the Lucasfilm Trademarks or any reproduction, counterfeit, copy or colorable imitation of the Lucasfilm Trademarks in connection with advertising, marketing, promoting, producing, offering for sale and/or selling Defendants' goods or services;

2. Making any false statements or representations or engaging in any other activity that suggests that Defendants or their business are in any way affiliated with, approved, licensed, or sponsored by any of Plaintiffs;

3. Engaging in any other activity constituting unfair competition with Lucasfilm, or infringement of any of the Lucasfilm Trademarks, or constituting any dilution of the Lucasfilm Trademarks, or the goodwill associated therewith;

4. Registering any domain name infringing the Lucasfilm Trademarks; and

5. Effecting assignments or transfers, forming new entities or associations, or using any other entities or devices for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (1) through (4).

B. Directing that Defendants deliver up for destruction any and all infringing merchandise in their possession or under their control bearing any of the Lucasfilm Trademarks or any simulation, reproduction, copy, or colorable imitation thereof, including but not limited to, all patches, apparel, or other materials or tangible items.

C. Directing that Defendants, their agents, servants, employees, attorneys, and all those in active concert or participation with them withdraw all pending trademark applications

1 infringing the Lucasfilm Trademarks and be prohibited from re-applying for any trademarks
2 infringing Plaintiffs' rights in the future.

3     D.    Directing that the registries for Defendants' Domains prevent the
4 registration of new infringing domain names by Defendants and renewal of Defendants' Domains
5 or, at Plaintiffs' election, transfer any domain names used by Defendants to engage in their
6 infringement to Plaintiffs' control, so they may no longer be used for illegal purposes.

7     E.    That Plaintiffs be awarded their damages as well as profits realized by
8 Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of
9 damages for infringement of Plaintiffs' Trademarks be increased by a sum not exceeding three
10 times the amount thereof as provided by law.

11     F.    In the alternative to actual damages and profits, that Plaintiffs be awarded
12 statutory damages as may be proper under 15 U.S.C. § 1117, up to the maximum amount of
13 $2,000,000 for each of Plaintiffs' Trademarks infringed by Defendant.

14     G.    Awarding to Plaintiffs the full amount of exemplary and punitive damages
15 available under California law.

16     H.    That Plaintiffs be awarded their costs and reasonable attorneys' fees
17 incurred in this action.

18     I.    That Plaintiffs be awarded pre-judgment interest on their judgment.

19     J.    That Plaintiffs have such other and further relief as the Court may deem
20 equitable, proper and just.

22 DATED: October 14, 2016    MUNGER, TOLLES & OLSON LLP
23     KELLY M. KLAUS
    LAURA K. LIN

By:    /s/ *Laura K. Lin*
    Laura K. Lin
    Attorney for Plaintiffs Lucasfilm Ltd. LLC and
    Lucasfilm Entertaiment Company Ltd. LLC

-13-
COMPLAINT FOR TRADEMARK INFRINGEMENT; UNFAIR COMPETITION; DILUTION;
CYBERSQUATTING; STATE LAW UNFAIR COMPETITION; STATE LAW DILUTION

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a jury trial in this action.

DATED: October 14, 2016                MUNGER, TOLLES & OLSON LLP


By:    /s/ *Laura K. Lin*
       Laura K. Lin
       Attorney for Plaintiffs Lucasfilm Ltd. LLC, and
       Lucasfilm Entertaiment Company Ltd. LLC

# EXHIBIT A

| Trademark | Trademark Reg. No. |
|---|---|
| JEDI TRAINING ACADEMY | 3368034 |
| JEDI | 2823661 |
| JEDI | 3794988 |
| JEDI | 2858244 |
| JEDI | 2595365 |
| LIGHTSABER | 1126220 |
| LIGHTSABER | 2772052 |
| STAR WARS | 1127229 |
| STAR WARS | 1371389 |
| STAR WARS | 2487818 |
| STAR WARS | 2487815 |
| STAR WARS | 2534385 |
| STAR WARS | 2598203 |
| STAR WARS | 2573978 |
| STAR WARS (logo) | 3503765 |
| MAY THE 4TH BE WITH YOU | 4605773 |
| (lightsaber image) | 4356848 |
| (lightsaber image) | 4330969 |

|  |  |
|---|---|
|  | 3773551 |
|  | 3662015 |
|  | 3670987 |
| STAR WARS THE OLD REPUBLIC | 4150395 |
| STAR WARS THE CLONE WARS | 4257889 |
| STAR WARS REBELS | 4782447 |
| STAR WARS REBELS | 4704576 |
| FORCE FX LIGHTSABER | 3590082 |
| JEDI KNIGHT | 1134730 |
| JEDI KNIGHT | 2235263 |
| JEDI POWER BATTLES | 2478579 |

COMPLAINT FOR TRADEMARK INFRINGEMENT; UNFAIR COMPETITION; DILUTION; CYBERSQUATTING; STATE LAW UNFAIR COMPETITION; STATE LAW DILUTION